**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ROBERT WILLIAM STONE, JR.,

     Petitioner,

     v.

CASEY CAMPBELL,
MARYLAND ATTORNEY GENERAL and
WARDEN,

     Respondents.

Civil Action No. TDC-19-1430

**MEMORANDUM OPINION**

Petitioner Robert William Stone, Jr., a state prisoner confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2014 conviction for first-degree burglary and related charges. In the Petition, Stone argues that he was improperly held without bail even though he posted bail, and that his trial was improperly held *in absentia* while he was in the hospital and without counsel. Respondents have filed an Answer in which they argue that the Petition should be dismissed as time-barred or, in the alternative, that each of the asserted claims fails on either procedural or substantive grounds. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Stone was afforded an opportunity to explain why the Petition should not be dismissed as time-barred, and he submitted a Reply to the Answer. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On March 13, 2013, Stone was charged in an eight-count Indictment returned in the Circuit Court for Howard County, Maryland in Case No. 13-K-13-053124.  The Indictment charged Stone with burglary and theft charges arising from his breaking into a residence on September 13, 2012 in Howard County, his theft of a minivan from that residence, and his subsequent breaking and entering of a different residence on September 19, 2012.  Stone had previously been charged in the Circuit Court for Howard County with other burglary offenses in Case No. 13-K-12-052922 and was being held without bond in that case as he awaited trial.  Stone filed several requests for review or reduction of bond.  Hearings were held on each request, after which the request was either voluntarily withdrawn or denied by the court.

Trial was held in Case No. 13-K-13-053124 from May 13, 2014 to May 15, 2014.  Because the court had found that Stone had waived his right to counsel, Stone was not represented by counsel at the trial.  On the second day of trial, the proceedings occurred *in absentia* after Stone was taken to the hospital but the court found that he was feigning illness.  He was found guilty of first-degree burglary, third-degree burglary, theft of a motor vehicle, and theft of property worth less than $1,000.  On August 21, 2014, Stone was sentenced to a total term of 26 years and 6 months of incarceration.

Stone filed a timely appeal, which was denied in an unreported opinion filed by the Court of Special Appeals on July 29, 2016.  The Court's mandate issued on August 29, 2016.  Stone filed a timely petition for a writ of certiorari in the Court of Appeals of Maryland.  The petition was denied on October 31, 2016.

Stone was required to file any motion for reconsideration of a decision disposing of an appeal within 30 days after the decision.  *See* Md. Rule 8-605(a).  Stone, did not, however, file that

motion until January 30, 2017 when he filed an untimely "Motion for Reconsideration or Rehearing" in the Maryland Court of Appeals. The motion was denied on March 27, 2017.

Stone sought and was granted an extension of time to file a petition for a writ of certiorari in the United States Supreme Court. Stone filed that petition on August 23, 2017, and the Supreme Court denied it on February 20, 2018. Stone then filed a petition for rehearing which was denied on May 14, 2018.

While Stone was pursuing his direct appeal, he filed a state petition for habeas corpus, Case No. 21-C-16-056302, in the Circuit Court for Washington County, Maryland on February 18, 2016 and raised essentially the same claims regarding his bail status that he alleges in this case. The petition was transferred to the Circuit Court for Howard County (Case No. 13-C-16-107502) and denied on May 13, 2016. Although Maryland law does not provide a right of appeal from the denial of a state habeas petition challenging the validity of confinement under a sentence of imprisonment, *see* Md. Code Ann., Crim Proc. § 7-107(b)(1) (West 2013), Stone nevertheless noted an appeal to the Court of Special Appeals which was dismissed *sua sponte* on January 13, 2017.

On December 17, 2018, Stone filed another state habeas petition, this time in the Circuit Court for Baltimore City, Maryland (Case No. 24-H-18-000451), again raising claims related to his bail. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed filed as of the date it is placed in the prison mail system). The order denying the petition was signed on January 17, 2019 and entered on the Court's docket on January 23, 2019.

After filing the present Petition, on July 24, 2019, Stone filed another state habeas petition, again objecting to being held without bail. That petition was filed in the Circuit Court for

Washington County (Case No. C-21-CV-19-000436), transferred to the Circuit Court for Howard County (Case No. C-13-CV-19-000860), and denied on October 2, 2019.

## DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). Respondents also assert procedural and substantive reasons that each of Stone's arguments in his Petition must fail. Because the Court concludes that the Petition is time-barred, it need not and does not address the remaining arguments.

## I.      Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

## II.    Timeliness

A review of the procedural history in this case reveals that the one-year period elapsed prior to the filing of the Petition. Respondents argue that Stone's conviction became final on January 30, 2017, when the original time for filing a petition for a writ of certiorari to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Respondents assert that where Stone's filing of a motion for reconsideration in the Maryland Court of Appeals on that date was untimely, and Stone's request for an extension from the Supreme Court was based in part on the filing of the motion for reconsideration, the subsequent period between January 30, 2017 and the Supreme Court's eventual denial of the petition for a writ of certiorari on February 20, 2018 did not constitute part of the period of direct review.

Where the Supreme Court granted an extension of the deadline for the filing of the petition for a writ of certiorari, and the record is not clear whether the Supreme Court's eventual denial of the petition was on timeliness grounds or on substantive grounds, this Court will assume, without deciding, that the period of direct review extended to February 20, 2018, the date the petition was denied. The period of direct review was not extended by Stone's petition for rehearing to the Supreme Court. *See United States v. Segers*, 271 F.3d 181, 184-86 (4th Cir. 2001) (holding, in the

context of the one-year limitations period under 28 U.S.C. § 2255, that a "petition for rehearing of the denial of certiorari has no effect" and that "a judgment of conviction becomes final" when the Supreme Court denies certiorari, not when the request for rehearing is denied); *Giesberg v. Cockrell*, 288 F.3d 268, 270-71 (5th Cir. 2002) (holding that a § 2254 petition becomes final when the Supreme Court denies a petition for a writ of certiorari, not upon denial of a petition for rehearing and noting that the one-year limitation provision applied to § 2254 petitions is "virtually identical" to the limitations provision for § 2255 motions); *see also Burch v. Corcoran*, 273 F.3d 577, 584 (4th Cir. 2001) (holding that a judgment of conviction became final when the Supreme Court denies a petition for a writ of certiorari).

While Stone's one-year limitations period began to run no later than February 20, 2018, Stone did not file the instant Petition until May 11, 2019, over one year later. Only one of Stone's state habeas petitions tolled any part of that intervening period. The first state habeas petition was filed and denied long before February 20, 2018. Where the second habeas petition was pending in the Circuit Court for Baltimore City from December 17, 2018 to January 23, 2019, it tolled the limitations period for a total of 37 days. 28 U.S.C. § 2244(d)(2); *Gray v. Ballard*, 848 F.3d 318, 322 n.5 (4th Cir. 2017) (finding that state habeas petitions are applications for collateral review that toll the limitations period under § 2244(d)(2)). However, even with this period tolled, the one-year limitations period still expired on March 29, 2019, over a month before Stone filed his Petition in this Court. Stone's third and final habeas petition did not toll the limitations period because it was not filed until after this case was instituted. *See e.g. Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (holding that "subsequent motions or petitions cannot revive a period of limitation that has already run").

Finally, Stone does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)-(D), apply under these circumstances.  Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

## III.    Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling.  *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000).  A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition.  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*).  Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Harris*, 209 F.3d at 330.  Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, where Stone erroneously argues that the Petition was timely filed because he filed it within one year of the date that the Supreme Court denied his petition for rehearing of his petition for a writ of certiorari, he arguably failed to file a timely petition because of a misunderstanding of the applicable law. Because ignorance of the law, even for a self-represented petitioner, does not provide a basis for equitable tolling, the Court finds no persuasive basis for equitable tolling of the limitations period. *See id.*

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Stone must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Stone's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that Stone has not made the requisite showing. The Court therefore declines to issue

a certificate of appealability.  Stone may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred.  The Court declines to issue a certificate of appealability.  A separate Order shall issue.


Date:  June 8, 2020                                   /s/ *Theodore D. Chuang*
                                                 THEODORE D. CHUANG
                                                 United States District Judge

9